# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## BOBBY LEE v. STEPHEN DOTSON, WARDEN

**Direct Appeal from the Circuit Court for Obion County**
**No. C07-246    William B. Acree, Jr., Judge**

---

**No. W2007-02243-CCA-R3-HC  - Filed November 13, 2008**

---

The petitioner, Bobby Lee, appeals the denial of his petition for writ of habeas corpus relief.  The petitioner was convicted of attempted first degree murder and received a sixty-year Department of Correction sentence as a career offender.  The State has filed a motion for the judgment of the trial court to be affirmed by memorandum opinion pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.  Finding merit in the motion, we grant the same and affirm the judgment of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. MCLIN, JJ., joined.

Bobby Lee, Whiteville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General & Reporter, and Mary W. Francois, Assistant Attorney General, for the appellee, the State of Tennessee.

## MEMORANDUM OPINION

Habeas corpus relief can be granted by the trial court only "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)).  Habeas corpus relief can be granted only as to a judgment that is void and not one that is merely voidable. *Ritchie*, 20 S.W.2d at 630. A void judgment is one in which the judgment is facially invalid while a voidable conviction or sentence is one which is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id.* at 630-31.

Here, the judgment of the Obion County Circuit Court is affirmed, and the petitioner's appeal is denied because he failed to comply with the procedural requirements for filing a petition for a writ of habeas corpus relief. Tennessee Code Annotated section 29-21-105 states that the application for a writ of habeas corpus relief should be made to the court or judge most convenient in point of distance to the applicant unless a sufficient reason is given for not doing so. It is well settled that failure to comply with this procedural requirement should result in dismissal.

Pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals, when the judgment appealed is not a judgment of guilt and no error of law requiring reversal is apparent on the record, this court may affirm the judgment by memorandum opinion rather than by formal opinion. In this case, the judgment denying the petition for writ of habeas corpus was not a determination of guilt and the record does not preponderate against the finding of the trial court. No error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals.

Conclusion

The judgment from the trial court is affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE